# United States Court of Appeals
## For the Eighth Circuit
_____

No. 24-1915
_____

United States of America

*Plaintiff - Appellee*

v.

Miesha Lasha Stanley

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: June 9, 2025
Filed: July 21, 2025
[Unpublished]
_____

Before LOKEN, ERICKSON, and KOBES, Circuit Judges.
_____

PER CURIAM.

Miesha Stanley appeals the sentence imposed by the district court[1] after she pled guilty to conspiracy to engage in sex trafficking in violation of 18 U.S.C. § 1594(c); sex trafficking by force, fraud, and coercion in violation of 18 U.S.C.

_____

[1]The Honorable Stephen H. Locher, United States District Judge for the Southern District of Iowa.

§§ 1591(a)(1) and (b)(1); and attempted sex trafficking of a child in violation of 18 U.S.C. §§ 1594(a), 1591(a)(1) and (b)(2). The district court sentenced her to a within-Guidelines term of imprisonment of 360 months. Stanley asserts the district court erred in rejecting her request for a downward variance.

We review the substantive reasonableness of a sentence under the deferential abuse of discretion standard. United States v. DaCruz-Mendes, 970 F.3d 904, 909 (8th Cir. 2020). A sentence within the advisory range of the Guidelines is presumed reasonable. Id. at 910.

Stanley asserts that the combined offense enhancement of four levels under USSG § 3D1.4 is excessive and resulted in a punishment greater than necessary. We give district courts wide latitude when considering a request for a downward variance and the relevant sentencing factors. United States v. Seys, 27 F.4th 606, 612 (8th Cir. 2022). In her written plea agreement, Stanley admitted to sex trafficking four individuals. The district court found Stanley's practice of preying on the vulnerable and coercing them with threats and violence to be incredibly serious conduct. The district court thoroughly explained its consideration of the 18 U.S.C. § 3553(a) factors and why the four-level enhancement was appropriate.

Stanley also asserts the district court failed to properly weigh her mental health diagnoses. The record reflects the district court considered her mental health but disagreed with Stanley regarding the weight to give that factor. See DaCruz-Mendes, 970 F.3d at 910 (a sentence is not substantively unreasonable because the district court gave a factor less weight than the defendant thought it deserved). We conclude the bottom-of-the-Guidelines sentence of 360 months is not substantively unreasonable.

The judgment of the district court is affirmed.

_____